IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHELLE SKYY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-002-A |
| | § | |
| CAPITAL ONE, N.A., DBA CAPITAL ONE AUTO FINANCE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Capital One, N.A., d/b/a Capital One Auto Finance, for partial dismissal of plaintiff's first amended complaint. The court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that the motion for partial dismissal should be granted.

I.

### Background

Plaintiff, Michelle Skyy, initiated this action on November 17, 2015, by filing an original petition in the 236th Judicial District of Tarrant County, Texas. On January 4, 2016, defendant removed the action to federal court on the basis of diversity of citizenship jurisdiction. On February 1, 2016, plaintiff filed an amended complaint. On April 25, 2016, defendant filed the motion for partial dismissal of plaintiff's first amended complaint.

This dispute centers around a motor vehicle retail installment contract (the "contract") between plaintiff and defendant for a 2005 Hummer (the "vehicle"). The vehicle was seized by the State of Texas when plaintiff was arrested. Following the seizure, plaintiff stopped making payments on the contract. When the State of Texas released its interest in the vehicle, defendant notified plaintiff it intended to dispose of the vehicle for failure to pay on the contract. Plaintiff claims she attempted to pay the amount required to reinstate the contract according to a letter sent to plaintiff regarding the default (the "letter"), but such payment was refused by defendant.

Plaintiff asserts claims for breach of contract, quantum meruit, promissory estoppel, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Plaintiff also claims that she is entitled to attorney's fees.

II.

The Motion to Dismiss

Defendant seeks dismissal of plaintiff's claims for violation of the DTPA, quantum meruit and promissory estoppel[1] for failure to state a claim upon which relief may be granted.[2]

---

[1] Defendant does not move to dismiss plaintiff's breach of contract claim.

[2] Doc. 6. The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-002-A.

2

III.

Motion to Dismiss Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable federal standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. Id. at 678. To

3

allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5 th Cir. 2010); Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

IV.

Application of Law to Facts

After a study of plaintiff's first amended complaint and a review of the applicable legal authorities, the court has concluded plaintiff has failed to allege facts that state any claim upon which relief may be granted as to the claims discussed below. Plaintiff's allegations as to such claims are wholly conclusory.

A. DTPA Claims

Plaintiff contends that defendant violated sections 17.46(b)(12) and 17.46(b)(24) of the DTPA. As a preliminary

4

matter, it is unclear if plaintiff qualifies as a consumer as is required for an actionable DTPA claim. Under the DTPA, a consumer is "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." TEX. BUS. & COM. CODE ANN. § 17.45(4) (West 2015). Plaintiff has not established that she is a consumer under the DTPA with relation to her claims in this action.

"Generally, a pure loan transaction lies outside of the DTPA because money is considered to be neither a good nor a service." Miller v. BAC Home Loans, Servicing, L.P., 726 F.3d 717, 724 (5th Cir. 2013). Here, plaintiff's DTPA claim is based on an alleged attempt to reinstate the contract for an automobile, not the purchase of the automobile itself. Doc. 22 at 9-12. Thus, plaintiff cannot state a claim upon which relief may be granted as to her DTPA claims.

1. DTPA § 17.46(b)(12)

Plaintiff argues that she is a consumer because the DTPA violations alleged relate to the original contract for the purchase of a vehicle. Doc. 32 at 4-6. A § 17.46(b)(12) violation of the DTPA involves "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." TEX. BUS. & COM. CODE ANN. § 17.46(b)(12) (West 2015). As to this claim, it appears

5

plaintiff is alleging that defendant failed to notify plaintiff that it has the right to send out a reinstatement and redemption letter and then retract such letter. Doc. 22 at 10. As discussed above, the reinstatement is a modification of the contract itself and the basis of this claim does not involve a consumer seeking to acquire goods or services.

    2.    <u>DTPA § 17.46(b)(24)</u>

Plaintiff alleges that defendant violated § 17.46(b)(24) of the DTPA because the contract does not address the treatment of the proceeds from a sale by defendant of the vehicle and because defendant failed to disclose that it could take the vehicle based on breach of contract and sell the vehicle giving her nothing of the proceeds. Doc. 22 at 9-10. A section 17.46(b)(24) violation involves "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." TEX. BUS. & COM. CODE ANN. § 17.46(b)(24) (West 2015).

That the contract does not address the proceeds of a sale of the vehicle following breach of the contract, is patently false as plaintiff admits in her response. Doc. 32 at 3. It is undisputed that the contract clearly states that following the

6

sale and after paying expenses and reducing the amount owed, "[i]f any money is left, we will pay it to you unless we must pay it to someone else." Doc. 23 at App. 10. Thus, any DTPA claim relying on the fact that defendant did not address treatment of sale proceeds from the vehicle must be dismissed.

Plaintiff also claims that defendant violated this section of the DTPA because its "practice" was to keep the proceeds of the sale of a vehicle. Doc. 22 at 9-10. Plaintiff's first amended complaint provides no support to the conclusory allegation that it was defendant's "practice" to keep sale proceeds that should have been paid to plaintiff. Thus, plaintiff has failed to state a claim under this section of the DTPA.

B.  Quantum Meruit

The court now turns to the quantum meruit claim. "Quantum meruit is an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 740 (Tex. 2005) (quotations omitted). Generally, one "cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished." Id. Plaintiff's quantum meruit claim is based entirely on the allegation that the contract did not cover "the treatment of auction proceeds or otherwise discuss how a consumer's equity is recognized after

7

repossession." Doc. 22 at 12. As discussed above, plaintiff concedes that the contract does govern the allocation of proceeds following a sale of the vehicle by defendant. Doc. 32 at 3. In any event, quantum meruit is simply not a theory that could apply to the facts alleged in this case. Plaintiff has not alleged any services or materials furnished to defendant for which defendant should have known plaintiff would expect payment. See <u>C3PO Int'l Ltd. V. Dyncorp Int'l LLC</u>, No. 4:14-CV-564-A, 2015 WL 783691, at *6 (N.D. Tex. Feb. 24, 2015). Accordingly, the court is dismissing the quantum meruit claim.

C.   <u>Promissory Estoppel</u>

Plaintiff's promissory estoppel claim is based on the reinstatement letter. "The requisites of promissory estoppel are: (1) a promise, (2) foreseeabilty of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." <u>English v. Fischer</u>, 660 S.W.2d 521, 524 (Tex. 1983). "Under Texas law, a contract comprising the disputed promise precludes recover under promissory estoppel." <u>Jhaver v. Zapata Off-Shore Co.</u>, 903 F.2d 381, 385 (5th Cir. 1990). In this action, it is clear that the contract governed the distribution of sale proceeds following the sale of the vehicle by defendant when plaintiff defaulted on the contract.

With regard to detrimental reliance, plaintiff alleges only that she relied on the reinstatement letter and "obtained cash"

to comply with such letter. Doc. 22 at 13. She has not alleged any detriment. Further, such reinstatement letter does not guarantee plaintiff any right to redeem her vehicle, but simply states that plaintiff "may be able to Redeem [her] vehicle . . . ." Doc. 23 at App. 1. Plaintiff's own attachments to her amended complaint show that within a week of receiving the letter, counsel for plaintiff communicated with defendant and such communication made it clear that defendant would not allow redemption without permission of the State. Doc. 23 at App. 12-15. Thus, plaintiff has failed to state a claim for promissory estoppel.

V.

Order

Therefore,

The court ORDERS that the motion for partial dismissal filed by defendant be, and is hereby, granted, and that plaintiff's claims for DTPA violations, quantum meruit and promissory estoppel against defendant be, and are hereby, dismissed.

SIGNED June 3, 2016.

_____
JOHN McBRYDE
United States District Judge

9